■ J. BARANELLO & SONS, Appellant, v CITY OF NEW YORK (7TH PRECINCT), Respondent. J. BARANELLO & SONS, Appellant, v CITY OF NEW YORK (20TH PRECINCT), Respondent.—Order, Supreme Court, New York County, entered October 28, 1975, which granted plaintiff's motion for reargument and upon reargument adhered to the original decision granting the defendant's motion, but modifying it in part, for leave to amend the answer to include an affirmative defense of waiver and release, and which order further severed and dismissed plaintiff's second, third and fourth causes of action; and order of said court, entered also on October 28, 1975, which granted the defendant's motion to amend its answer to include the affirmative defense of waiver and release and, further, dismissed plaintiff's second, third and fifth causes of action, unanimously affirmed, without costs and disbursements. The issues presented in both appeals involving contract actions brought by plaintiff building contractor to recover for work, labor and materials supplied, are identical. The plaintiff built, pursuant to con-

tracts, two new police precinct stations for the City of New York. With respect to construction of the new 7th Police Precinct, the job was finished 410 days after the completion date set by the agreement. Similarly, with respect to the new 20th Police Precinct, the construction was completed 287 days after the completion date set by the contract. Relevant to the 7th Precinct, plaintiff presented seven notarized letters bearing its letterhead requesting extensions of contract time. Similarly, plaintiff executed five notarized letters requesting partial time extensions regarding the 20th Precinct construction. These requests contained waivers and releases of all claims against the city with some stated exceptions. The certificates of extension returned by the city expressly declared that the extensions of time were approved with the understanding that the claims waived were not to be revived by such extensions. No reservation of any claim was made by plaintiff. Both in its seventh letter of request regarding the 7th Precinct and its fifth letter of request regarding the 20th Precinct, plaintiff attempted to revive many claims which had previously been the subject of waivers in its prior applications. The Supreme Court properly disregarded plaintiff's claims of economic duress and estoppel in striking down the causes of action embraced within the waivers and releases. In view of the liberal policy towards amendment of pleadings and of the fact that plaintiff at all times had full knowledge of the circumstances underlying the defendant's motions to amend the answers, it is clear that the Supreme Court did not abuse its discretionary power in permitting such amendment (see *Baranello & Sons v City of New York,* 46 AD2d 847). Concur—Markewich, J. P., Lupiano, Birns, Capozzoli and Lane, JJ.